# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE MANUEL, | CASE NO. 1:07-cv-00968-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| K. MANDOZA POWERS, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

**I.     Screening Requirement**

Plaintiff Lonnie Lee Manuel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 6, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claim**

Plaintiff is currently housed at Avenal State Prison, where the events at issue in this action allegedly occurred. On October 30, 2006, Plaintiff was seen by Defendant P. Baltierrez, who performed minor surgery on Plaintiff without first numbing the area.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

///

---

[1] Misspelled as Baltierres in the complaint. (Doc. 1, pgs. 3 & 7.)

2

Defendant may only be held liable for performing surgery without anesthetic if she acted with deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," Estelle v. Gamble, 429 U.S. at 106, and even gross negligence is insufficient to establish deliberate indifference to serious medical needs, see Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff's allegations are not sufficient to support the claim that Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Further, Plaintiff has not alleged any facts linking the other two named defendants, Warden Mendoza-Powers and Chief Medical Officer Suryadevara, to an act or omission which violated Plaintiff's rights.[2] Plaintiff is cautioned that he may not seek to impose liability on any defendant simply because he or she holds a position of authority. "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

## III. Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

---

[2] The Court takes judicial notice of the fact that Kathy Mendoza-Powers was the Warden at Avenal. Her name is misspelled in the complaint as Mandoza Powers.

3

1   Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v.
2   Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
3   1987), and must be "complete in itself without reference to the prior or superceded pleading," Local
4   Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which
5   are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v.
6   Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

   1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
   2. The Clerk's Office shall send Plaintiff a complaint form;
   3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
   4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 16, 2008**                  /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE