IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Lonnie Lee Manuel, | ) | No. 1:07-cv-00968-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| K. Mandoza Powers, et. al., | ) | <u>Telephonic Pretrial Conference: March 19, 2010 at 3:00 p.m.</u> |
| Defendants. | ) | |

At a status conference on October 22, 2009, it was confirmed that Defendants filed no motion for summary judgment in this case because they could not demonstrate that they are entitled to judgment as a matter of law.  Plaintiff offered to settle the case for $200, and Defendants' counsel agreed to recommend the settlement to his superiors.  The case management schedule was suspended to December 18, 2009, to allow Defendants to decide whether they wanted to settle this case for $200 or try the case.  (Doc. # 31.)  By a status report filed December 18, 2009, Defendants' counsel requested an extension of 35 says to January 22, 2010 "to obtain the necessary approvals and file an appropriate motion for dismissal."  (Doc. # 35.)  That time has come and gone with no acceptance of the settlement offer.  The case will proceed to trial with no further delay.  No further continuances will be granted in this case.

1  This action is proceeding on plaintiff's Amended Complaint, filed May 5, 2008.
2 Pursuant to Rule 16(b) of the Federal Rules of Civil procedure, the Court will, by this
3 order, set a further schedule for this litigation.

4  The parties are required to file pretrial statements in accordance with the schedule set
5 forth herein.  In addition to the matters already required to be addressed in the pretrial
6 statement in accordance with Local Rule 16-281, plaintiff will be required to make a
7 particularized showing in order to obtain the attendance of witnesses.  The procedures and
8 requirements for making such a showing are outlined in detail below.  Plaintiff is advised
9 that failure to comply with the procedures set forth below may result in the preclusion of
10 any and all witnesses named in his pretrial statement.

11  At the trial of this case, plaintiff must be prepared to introduce evidence to prove each
12 of the alleged facts that support the claims raised in the lawsuit. In general, there are two
13 kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's
14 responsibility to produce all of the evidence to prove his case, whether that evidence is in
15 the form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he
16 must follow certain procedures to ensure that the witnesses will be at the trial and
17 available to testify.

18  **1. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to**
19 **Testify Voluntarily** - An incarcerated witness who agrees voluntarily to attend trial to
20 give testimony cannot come to court unless this court orders the warden or other
21 custodian to permit the witness to be transported to court. This court will not issue such
22 an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b)
23 the prospective witness has actual knowledge of relevant facts.

24  A party intending to introduce the testimony of incarcerated witnesses who have
25 agreed voluntarily to attend the trial must serve and file concurrent with the pre-trial
26 statement a written motion for a court order requiring that such witnesses be brought to
27 court at the time of trial. The motion must: (1) state the name, address, and prison
28 identification number of each such witness; and (2) be accompanied by declarations

showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed. The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

1  **Motions for the attendance of incarcerated witnesses, if any, must be filed on or
2  before <u>March 5, 2010.</u>  Oppositions, if any, must be filed on or before <u>March 15,
3  2010</u>.**

4  **2. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to
5  Testify Voluntarily** - If a party seeks to obtain the attendance of incarcerated witnesses
6  who refuse to testify voluntarily, the party should submit with his pre-trial statement a
7  motion for the attendance of such witnesses. Such motion should be in the form described
8  above. In addition, the party must indicate in the motion that the incarcerated witnesses
9  are not willing to testify voluntarily.

10  **3. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree
11  to Testify Voluntarily** - It is the responsibility of the party who has secured an
12  unincarcerated witness's voluntary attendance to notify the witness of the time and date
13  of trial. No action need be sought or obtained from the court.

14  **4. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse
15  to Testify Voluntarily** - If a prospective witness is not incarcerated, and he or she refuses
16  to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In
17  addition, the party seeking the witness's presence must tender an appropriate sum of
18  money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum
19  of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C.
20  § 1821.

21  If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses
22  who refuse to testify voluntarily, plaintiff must first notify the court in writing of the
23  name and location of each unincarcerated witness. The court will calculate the travel
24  expense for each unincarcerated witness and notify plaintiff of the amount(s). Plaintiff
25  must then, for each witness, submit a money order made payable to the witness for the
26  full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The
27  subpoena will not be served upon the unincarcerated witness by the United States
28  Marshal unless the money order is tendered to the court</u>. Because no statute authorizes the

1 use of public funds for these expenses in civil cases, the tendering of witness fees and
2 travel
3 expenses is required even if the party was granted leave to proceed in forma pauperis.
4 **If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who**
5 **refuse to testify voluntarily, plaintiff must submit the money orders to the court no**
6 **later than March 5, 2010**   In order to ensure timely submission of the money orders,
7 plaintiff should notify the court of the names and locations of his witnesses, in
8 compliance with step one, as soon as possible.
9    The parties are advised that failure to file pre-trial statements as required by this order
10 may result in the imposition of appropriate sanctions, which may include dismissal of the
11 action or entry of default.
12    Accordingly, the court **HEREBY ORDERS** as follows:
13    1. This matter is set for telephonic pretrial conference before the Honorable Neil V.
14 Wake on **March 19, 2010 at 3:00 p.m.**
15    2. Counsel for defendants is required to arrange for the participation of plaintiff in the
16 telephonic pretrial conference and to initiate the telephonic hearing and then call this
17 chambers at **(602) 322-7640**;
18    3. Plaintiff shall serve and file a pretrial statement in accordance with this order and
19 Local Rule 16-281 on or before **March 5, 2010**;
20    4. Defendants shall serve and file a pretrial statement on or before **March 12, 2010**;
21    5.  In addition to electronically filing their pretrial statement, defendants shall e-mail
22 the pretrial statement to: wake_chambers@azd.uscourts.gov;
23    6.  If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve
24 and file a motion for attendance of incarcerated witnesses as described in this order
25 on or before **March 5, 2010**;
26    7. The opposition to the motion for the attendance of incarcerated witnesses, if any,
27 shall be filed on or before March 15, 2010;
28    8. If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse

- 5 -

1 to testify voluntarily, plaintiff must submit the money orders, as described in
2 subsection 4 of this order, to the court on or before **March 5, 2010**; and
3    9. The Clerk's Office shall send plaintiff a copy of Local Rule 16-281.
4    The Court intends to set a FIRM trial at the time of the pretrial conference.
5    Failure to comply with any aspect of this Order may result in dismissal of this case.
6    DATED this 3rd day of February, 2010.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge